**Gordon O. DeVONISH et al., Plaintiffs,**

v.

**Rudolph G. GARZA et al., Defendants.**

**No. SA–73–CA–59.**

United States District Court,
W. D. Texas,
San Antonio Division.

March 10, 1981.

Gerald H. Goldstein, Levey & Goldstein, San Antonio, Tex., for plaintiffs.

Keith W. Burris, Asst. Dist. Atty., San Antonio, Tex., for defendants.

Steven B. Berlin, Patricia G. Littlefield, Civil Rights Div., U. S. Dept. of Justice, Washington, D. C., for the U. S. amicus curiae.

MEMORANDUM OPINION AND ORDER

SESSIONS, Chief Judge.

Pending before the Court is the Motion of the Defendants in the above-styled and numbered cause to Dismiss Litigating Amicus or to Require Compliance with Institutionalized Persons Act. After careful consideration of the briefs of counsel for Defendants, Plaintiffs, and *Amicus*, the Court now enters the following Memorandum Opinion and Order.

This cause is a consolidated civil rights action alleging that various conditions maintained and practices and procedures followed by Defendants in their operation of the Bexar County Jail in San Antonio, Texas, have violated various rights of the Plaintiffs and the members of the class they seek to represent. The individual complaints which were consolidated into this cause were filed by former inmates of the Bexar County Jail who are now, for the most part, incarcerated in institutions of

the Texas Department of Corrections. On August 1, 1978, this Court entered an Order consolidating some seven civil actions into this cause. In that Order the Court also stated that it had determined that the public interest would be served by the participation of the United States of America in the consolidated cause, and ordered that the United States be requested to make an appearance as a litigating *amicus curiae*. The United States entered its appearance as the *Amicus* in this cause on November 15, 1978, and has participated in the cause ever since.

On May 23, 1980, Congress enacted the Civil Rights of Institutionalized Persons Act, Pub.L. 96–247, 94 Stat. 349 (now codified at 42 U.S.C. § 1997 *et seq.*). By the Motion before the Court, the Defendants seek either the dismissal of the *Amicus* from this cause or the requirement that the *Amicus* satisfy certain procedural requirements contained in the Act.

█ It appears to the Court that the intent of Congress in passing the Act was not to impose the procedural requirements contained therein upon the United States when it appears in an existing civil action as an *amicus curiae* at the invitation of the Court. Section 3 of the Act, 42 U.S.C. § 1997a, addresses the situation in which the Attorney General initiates a civil action as a plaintiff. Section 5 of the Act, 42 U.S.C. § 1997c, addresses the situation where the Attorney General moves to intervene in an existing civil action under Rule 24, Federal Rules of Civil Procedure. *See* House Conference Report 96–897, at pp. 14–15, *reprinted in* [1980] U.S.Code Cong. & Ad.News 1936, 1998, 2005. However, the United States has appeared in this cause by neither of these methods, but rather as litigating *Amicus Curiae* at the invitation of the Court.

█ The purpose of the statute under consideration was to give the Attorney General standing to enforce the rights of institutionalized persons. *See id.*, at p. 9, [1980] U.S.Code Cong. & Ad.News at 1999. In the opinion of this Court there is no need for legislative grants of standing to appear as an *amicus curiae*. See *Universal Oil Co. v.*

*Root Refining Co.*, 328 U.S. 575, 581, 66 S.Ct. 1176, 1179, 90 L.Ed. 1447 (1946) ("[A] federal court can always call on law officers of the United States to serve as amici.") Therefore, it appears to the Court that the Civil Rights of Institutionalized Persons Act does not apply in the cause before the Court, that *Amicus* need not comply with the statute in order to remain in this cause, and that Defendants' Motion should be denied. Accordingly,

IT IS HEREBY ORDERED that the Motion of the Defendants in the above-styled and numbered cause to Dismiss Litigating Amicus or to Require Compliance with Institutionalized Persons Act be and is hereby DENIED in all things.